1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

AISHA PANKEY,                        )
                                     )       Case No. 2:11-cv-00428-KJD-PAL

8

                    Plaintiff,       )
                                     )       **ORDER**

9

vs.                                  )
                                     )       (IFP App - Dkt. #1)

10

RESCUE MISSION - LAS VEGAS,          )
                                     )

11

                    Defendant.       )

12

_____ )

13

      Plaintiff Aisha Pankey is proceeding in this action *pro se*, has requested authority pursuant to

14

28 U.S.C. § 1915 to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1).  This proceeding

15

was referred to this court by Local Rule IB 1-9.

16

**I.    *In Forma Pauperis* Application**

17

      Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

18

and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be

19

granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

20

**II.    Screening the Complaint**

21

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

22

complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

23

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

24

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

25

court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

26

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

27

deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

28

1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
2  failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a
3  ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.
4  2000).  A properly pled complaint must provide a short and plain statement of the claim showing that
5  the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,
6  555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels
7  and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129
8  S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as
9  true all well-pled factual allegations contained in the complaint, but the same requirement does not
10 apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,
11 supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the
12 complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.
13 *Twombly,* 550 U.S. at 570.

14    The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C.
15 § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the
16 Constitution has been violated, and the deprivation was committed by a person acting under color of
17 state law.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their
18 official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not
19 be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983
20 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26
21 (1991).

22    Plaintiff's Complaint alleges that she arrived in Las Vegas in May 5, 2010, and checked in at the
23 Las Vegas Rescue Mission, a seven-day shelter.  On May 6, 2010, an employee of Defendant told
24 Plaintiff she was permitted to return to the shelter by 9 p.m., the shelter's curfew time.  Plaintiff
25 returned around 8:05 p.m., and she was informed that she was trespassing.  Police arrived and arrested
26 Plaintiff.  She asserts that excessive force was used, though it is unclear whether Plaintiff believes the
27 police used excessive force, or whether it was a shelter employee.  As a result of Plaintiff's arrest, she
28 was incarcerated for six days, and her bank account was charged for a rental car.

2

Plaintiff's Complaint names the Las Vegas Rescue Mission as the only Defendant.  She has not alleged, nor does it appear, that the Las Vegas Rescue Mission is a state actor.  Accordingly, Plaintiff's Complaint will be dismissed, with leave to amend.  If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised that she should specifically identify each Defendant to the best of his ability, clarify what constitutional right she believes each Defendant has violated and support each claim with factual allegations about each Defendant's actions.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1.     Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2.     Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3.     The Clerk of Court shall file Plaintiff's Complaint.

4.     Plaintiff's Complaint is DISMISSED with leave to amend.

5.  Plaintiff will have until **September 22, 2011,** to file her amended complaint, if she believes she can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6.  Plaintiff shall clearly title the amended complaint by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:11-cv-00428-KJD-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7.  Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

8.  The Clerk shall send Plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

Dated this 22nd day of August, 2011.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4